UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RAYMOND C. MCARDLE,                     \*
            Plaintiff,                       \*
                                  \*
    v.                                 \*
                                  \*
TOWN OF DRACUT/DRACUT PUBLIC     \*
SCHOOLS, THERESA ROGERS, DR. STACY  \*
SCOTT AND W. SPENCER MULLEN        \*
           Defendants.                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFIED COMPLAINT AND JURY DEMAND

### INTRODUCTION

Raymond C. McArdle brings claims for violation of the Family Medical Act ("hereinafter FMLA") 29 U.S.C. § 2601 *et seq.*, retaliation, intentional infliction of emotional distress, and intentional interference with advantageous business relations. Mr. McArdle's claims arise out of acts of his former employer, Town of Dracut/Dracut Public Schools, in constructively terminating Mr. McArdle's employment for unsubstantiated reasons after Mr. McArdle made numerous requests for leave under the FMLA.

### PARTIES

1. Plaintiff, Raymond C. McArdle (hereinafter "Mr. McArdle"), is an individual who resides at 2 Stearns Street, Chelmsford, Middlesex County, Massachusetts, 01824.

2. Defendant, Town of Dracut/Dracut Public Schools (hereinafter "Dracut"), is a political subdivision of the Commonwealth of Massachusetts, with its principal place of business located at 62 Arlington Street Dracut, Middlesex County, Massachusetts 01826.

3. The Defendant, Ms. Theresa Rogers (hereinafter "Ms. Rogers") at all times relevant hereto was

the Principal at Lakeview Junior High School located at 1570 Lakeview Ave, Dracut, Middlesex County, Massachusetts.

4. The Defendant, W. Spencer Mullen, (hereinafter "Mr. Mullen") was the Superintendent of Schools for the Town of Dracut/Dracut Public Schools at all relevant times through Mr. McArdle's constructive termination, with his principal office located at the Eldridge Administration Building, 2063 Lakeview Avenue, Dracut, Middlesex County, Massachusetts.

5. The Defendant, Dr. Stacy Scott (hereinafter "Dr. Scott") was the Superintendent of Schools for the Town of Dracut/Dracut Public Schools at all times relevant hereto subsequent to Mr. McArdle's constructive termination, with her principal office located at the Eldridge Administration Building, 2063 Lakeview Avenue, Dracut, Middlesex County, Massachusetts.

## JURISDICTION

6. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 based on federal questions over the claims raised under 29 U.S.C. § 2601 *et seq.,* and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the common-law tort claims.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff incorporates by reference paragraphs 1 through 6, inclusive, of this Complaint.

8. Prior to the commencement of the 2009/2010 school year, Mr. McArdle had worked for the Town of Dracut/Dracut Public Schools as an English Teacher at the Lakeview Junior High School for thirteen (13) years.

9. During his tenure at Lakeview Junior High School, Mr. McArdle always performed the duties of his position in a competent and professional manner.

10. Moreover, Mr. McArdle had never been subjected to any disciplinary action.

11. On or about September 1, 2009, prior to the commencement of the school year, Mr. McArdle contacted Theresa Rogers, Principal at Lakeview Junior High School by telephone.

12. During said conversation, Mr. McArdle verbally requested to commence a leave of absence pursuant to the FMLA.

13. In response to Mr. McArdle's request, Ms. Rogers informed Mr. McArdle that she would hire Mrs. Caruso, a substitute teacher to teach Mr. McArdle's classes during his extended leave.

14. Ms. Rogers ended the discussion by directing Mr. McArdle to notify the Superintendent's Office relative to his leave of absence.

15. It is important to note that at no point in time during the conversation did Ms. Rogers direct Mr. McArdle to notify her in writing about his requested leave of absence nor did Ms. Rogers direct Mr. McArdle to call daily to report his absences during his extended leave.

16. In fact, based upon common practice, teachers who are absent due to extended leaves of absence are not required to call daily to report his or her absences.

17. In compliance with Ms. Rogers' directive, Mr. McArdle immediately contacted the Superintendent's Office to provide notice of his requested leave of absence.

18. The Superintendent's office provided Mr. McArdle a "check list" informing him of his rights pursuant to the FMLA, but failed to provide Mr. McArdle with an application in order to achieve his request.

19. As such, Mr. McArdle commenced his own endeavor to obtain and complete the requisite documentation.

20. Although Ms. Rogers and the Superintendent's Office had knowledge that Mr. McArdle sought to take a leave of absence pursuant to the FMLA, there was no attempt by the

       Town of Dracut/Dracut Public Schools to determine Mr. McArdle's eligibility for said leave.

21. In fact, over the next four (4) weeks neither Ms. Rogers nor anybody from the Superintendent's Office even communicated with Mr. McArdle to discuss his intent to take a leave of absence, inquire further about his alleged abandonment of his position or his alleged failure to contact the school each day of his absence.

22. Instead, by letter dated September 28, 2009, Ms. Rogers terminated Mr. McArdle's employment.

23. In support of its termination of Mr. McArdle's employment, Ms. Rogers contended that the district concluded that Mr. McArdle had abandoned his position because Mr. McArdle had not provided written notification and had failed to call the "substitute call in service" to inform the district that his classes would be unattended.

24. The letter, however, failed to conform with M.G.L. c. 71 Section 42, which provides in relevant part, "A teacher who has been teaching in a school system for at least ninety calendar days shall not be dismissed unless he has been furnished with a written notice of 'intent to dismiss'...."

25. By written Memorandum dated September 29, 2008, Mr. McArdle contested the reasons for his termination by first informing Ms. Rogers that his termination violated M.G.L. c. 71 Section 42 because it did not provide him with the requisite due process to reconcile the alleged deficiencies.

26. Moreover, Mr. McArdle responded to Ms. Rogers' contentions in detail stating the following:

> At no time did I abandon my position as an English teacher. Quite to the contrary, I had communicated with you by phone prior to the start of the 2009-2010 academic year, and very clearly and specifically notified you that I would be taking a twelve week leave of absence in accordance with the provisions of the Family Leave Act. As I'm sure you recall, we had a considerable discussion regarding my plans to take a leave of absence, and I justifiably believed that the substance of our conversation served as clear and appropriate notice of my intentions. At no time during our conversation did you request additional notification of my intentions via written correspondence. Further, I believed, again, justifiably, that my request for the FMLA application, coupled with out conversation, provided more than sufficient notice of my intention to seek a leave of absence, and is entirely inconsistent with the claim that I simply abandoned my job after thirteen years of service to the Dracut Public Schools,
>
> I requested and received the FMLA application from the Superintendent's office, which further validated my willingness to cooperate and inform the district of my intentions.

> However, because the Superintendent's office sent me an outdated copy of the FMLA application, I was not able to promptly complete and return the form. I notified the Superintendent's office and was waiting for receipt of the correct form, when I instead received a notice of termination for abandoning my job.
>
> With regard to the secondary matter of not notifying the substitute call-in service, my actions were entirely sensible and in accordance with past practice relative to long-term leaves. Because you very clearly informed me that you would hire a long-term substitute teacher (Ms. Caruso) to cover my classes during my leave of absence, I fully believed that my classes would be attended and there would be no need to call the substitute service on a day-to day basis.
>
> Finally, I believe that my termination was not only unjustified and conducted unlawfully, but further, was in no way in the best interest of the Dracut Public Schools. In my many years of service, I have maintained high standards and always provided quality educational opportunities to my students. If it is truly the intention of the Superintendent to act in the best interest of the Dracut Public Schools, I submit that T should be reinstated and allowed to complete my leave of absence before returning to my teaching position.

27. In response to Mr. McArdle's September 29, 2009 written Memorandum, Ms. Rogers rescinded Mr. McArdle's termination.

28. In fact, by letter dated October 5, 2009, Ms. Rogers issued Mr. McArdle a letter pursuant to M.G.L. c. 71 Section 42 providing Mr. McArdle with "intent to terminate" him from his employment.

29. This letter, however, contains the same language verbatim, as the original September 28, 2009 letter, including allegations that Mr. McArdle abandoned his position, failed to provide written notification of his intent to take leave pursuant to the FMLA and further alleging that Mr. McArdle failed to contact the "substitute call in service."

30. Notwithstanding the explanations provided in Mr. McArdle's September 29, 2009 Memorandum, the reasoning supporting Ms. Roger's "intent to terminate" Mr. McArdle's employment lacks credibility and is pretextual in nature. More specifically, Mr. McArdle's September 29, 2009 Memorandum clearly provides Ms. Rogers with "written notification" of Mr. McArdle's intent to take a leave of absence pursuant to the FMLA.

31. Following the submission of his September 29, 2009 Memorandum, Mr. McArdle had a telephone discussion with Ms. Rogers.

32. During the conversation, Ms. Rogers informed Mr. McArdle that the issues surrounding Mr. McArdle's termination were "out of her hands."

33. Ms. Rogers also informed Mr. McArdle that if he chose to resign from his employment, any negative information relative to Mr. McArdle's alleged job abandonment would be

expunged from his personnel file.

34. In response to the Town of Dracut/Dracut Public School's conduct in providing an "intent to terminate" Mr. McArdle with a clear disregard of the documented evidence, coupled with Ms. Rogers' statements, Mr. McArdle made the determination that he had no alternative but to resign from his employment in lieu of termination.

35. Accordingly, by letter dated October 14, 2009, Mr. McArdle resigned from his employment with the Town of Dracut/Dracut Public Schools

36. Mr. McArdle's resignation constitutes a constructive termination from his employment with the Town of Dracut/Dracut Public Schools as a reasonable person in Mr. McArdle's position would feel compelled to resign from his or her position.

37. Approximately fourteen (14) months after Mr. McArdle's termination, by letter dated February 11, 2010, Dr. Stacy L. Scott, in response to correspondence from Mr. McArdle's attorney, stated that had been provided ample time to submit his application for FMLA, he would have been determined ineligible because he purportedly failed to meet the requisite One Thousand Two Hundred Fifty (1,250) hours for eligibility.

38. On this basis, Dr. Scott concludes that Mr. McArdle's FMLA rights have not been violated.

39. Dr. Scott's reasoning, however, is flawed. First, as explained in greated detail below, the number of hours Mr. McArdle worked within the previous calendar year is disputed and the Town of Dracut/Dracut Public Schools failed to investigate Mr. McArdle's eligibility and communicate with him within five (5) days of becoming aware of Mr. McArdle's intent to take a leave of absence pursuant to the FMLA.

COUNT I
VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
(McArdle v. Town of Dracut/Dracut Public Schools, Theresa Rogers, W. Spencer Mullen and Dr. Stacy Scott)

40. Plaintiff incorporates by reference paragraphs 1 through 39, inclusive, of this Complaint

41. Defendants, actions violated FMLA, 29 U.S.C. § 2601, and interfered with Mr. McArdle's rights under FMLA, 29 U.S.C. § 2601 *et seq.:* when Mr. McArdle among other things, requested protection under FMLA and the Defendants either failed or refused to provide Mr. McArdle with the proper forms, and failed to investigate Mr. McArdle's eligibility for the requested leave and instead attempted to terminate Mr. McArdle for allegedly abandoning his position and allegedly failing to call into the "substitute call in service" and also attempted to terminate Mr. McArdle on October 4, 2009 for allegedly failing to notify the Town of Dracut/Dracut Public Schools in writing of his request for leave pursuant to the

FMLA after it had received Mr. McArdle's September 29, 2009 Memorandum requesting said leave.

42. As a direct and proximate result of the above-described conduct, Mr. McArdle has sustained substantial injuries, including but not limited to: loss of compensation, benefits, attorney's fees, and costs.

WHEREFORE, Plaintiff, Mr. McArdle demands judgment against the Defendants in an amount that will fairly and adequately compensate Plaintiff Mr. McArdle for lost wages, conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

    A. That Plaintiff be awarded compensatory damages including lost compensation and benefits;

    B. That Plaintiff be awarded liquidated damages in an amount equal to compensatory damages;

    C. That Plaintiff be awarded emotional distress damages;

    D. That Plaintiff be awarded punitive damages;

    E. That Plaintiff be awarded attorney's fees, cost of suit and interest; and

    F. That this Honorable Court award the Plaintiff such other relief as it may deem proper and just.

## COUNT II
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
(McArdle v. Theresa Rogers, W. Spencer Mullen and Dr. Stacy Scott)

43. Plaintiff incorporates by reference paragraphs 1 through 42, inclusive, of this Complaint.

44. By their acts and conduct, Theresa Rogers, W. Spencer Mullen and Dr. Stacy Scott intended to inflict significant emotional distress upon Mr. McArdle.

45. Theresa Rogers, W. Spencer Mullen and Dr. Stacy Scott acted with the intent of causing Mr. McArdle emotional distress.

46. Theresa Rogers, W. Spencer Mullen and Dr. Stacy Scott knew or should have known that their acts and conduct would likely result in Mr. McArdle suffering significant emotional distress.

47. The emotional distress suffered by Mr. McArdle was severe and of a nature that no reasonable person could be expected to endure.

48. As a result of the emotional distress intentionally inflicted by Theresa Rogers, W. Spencer Mullen and Dr. Stacy Scott on Mr. McArdle, Mr. McArdle has suffered damages.

49. This claim is for Intentional Infliction of Emotional Distress.

WHEREFORE, Plaintiff, Mr. McArdle demands judgment against the Defendants in an amount that will fairly and adequately compensate Plaintiff, Mr. McArdle for lost wages, conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

A. That Plaintiff be awarded compensatory damages;
B. That Plaintiff be awarded emotional distress damages;
C. That Plaintiff be awarded punitive damages;
D. That Plaintiff be awarded attorney's fees, cost of suit and interest; and
E. That this Honorable Court award the Plaintiff such other relief as it may deem proper and just.

## COUNT III
(Intentional Interference with Advantageous Business Relations)
(McArdle v. Theresa Rogers, W. Spencer Mullen and Dr. Stacy Scott)

50. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 49, inclusive, of this Complaint.

51. Mr. McArdle had a protected interest in an advantageous business relationship of employment with the Town of Dracut/Dracut Public Schools.

52. Theresa Rogers, W. Spencer Mullen and Dr. Stacy Scott knowingly interfered with Mr. McArdle's advantageous business relationship with the Town of Dracut/Dracut Public Schools, among other things, by denying Mr. McArdle his rights offered to him under the FMLA and by constructively terminating Mr. McArdle's employment.

53. Theresa Rogers, W. Spencer Mullen and Dr. Stacy Scott maliciously and unlawfully interfered with Mr. McArdle's advantageous business relations through improper motive and means.

54. Theresa Rogers, W. Spencer Mullen and Dr. Stacy Scott engaged in the aforementioned conduct with spiteful and malicious intent and not for any legitimate business reason.

55. As a result of the conduct described above, Mr. McArdle suffered damages.

56. This claim is for Intentional Interference with Advantageous Business Relations.

Wherefore, Plaintiff Mr. McArdle demands that judgment be entered against Defendants in an amount that will fairly and adequately compensate Plaintiff, Mr. McArdle for lost wages, conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

A. That Plaintiff be awarded compensatory damages;
B. That Plaintiff be awarded emotional distress damages;
C. That Plaintiff be awarded punitive damages;
D. That Plaintiff be awarded attorney's fees, cost of suit and interest; and
E. That this Honorable Court award the Plaintiff such other relief as it may deem proper and just.

I, Raymond C. McArdle, Plaintiff, say, upon my oath that I have read the above Complaint, and that the allegations contained therein are true to the best of my knowledge and belief.

Date: October 12, 2011

/s/ Raymond C. McArdle
Raymond C. McArdle

Respectfully submitted,
Raymond C. McArdle,

By his attorney

/s/ Jeffrey R. Mazer
Counsel for Plaintiffs
Jeffrey R. Mazer
BBO#647110
Mazer Law Group, LLC
220 Broadway, Suite 205
Lynnfield, MA 01906
(781) 596-8604

9