UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND C. MCARDLE,<br>Plaintiff,<br><br>v.<br><br>TOWN OF DRACUT/DRACUT<br>PUBLIC SCHOOLS, THERESA ROGERS,<br>STACY SCOTT and W. SPENCER<br>MULLIN<br>Defendants. | ) Civil Action No. C.A. 1:11-CV11805-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S INITIAL DISCLOSURES TO THE DEFENDANTS, TOWN OF DRACUT/DRACUT PUBLIC SCHOOLS, THERESA ROGERS, STACY SCOTT AND W.SPENCER MULLIN

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, and Local Rule 26.2(A), Plaintiff, Raymond C. McArdle ("Mr. McArdle" or "Plaintiff") hereby makes the following initial disclosures to Defendants, Town of Dracut/Dracut Public Schools. Theresa Rogers, Stacy Scott, and W. Spencer Mullin (collectively referred to as "Defendants"). These disclosures are based on information reasonably available to Plaintiff as of the date of these disclosures.

I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Plaintiff states that the following individuals are likely to have discoverable information that is relevant to the allegations contained in Plaintiff's Complaint or upon which Plaintiff may rely to support his claims in this action, unless solely for impeachment:

1. Raymond C. McArdle - Mr. McArdle is the Plaintiff in this proceeding expected to have information relevant to his claims for violation of the Family and Medical Leave Act. Mr. McArdle may be reached through his attorney.

2. <u>Theresa Rogers</u>- Ms. Rogers has knowledge about Mr. McArdle's absences in September, 2009, his request for leave pursuant to the Family and Medical Leave Act, the coverage of Mr. McArdle's classes during his absence and the reasons for Mr. McArdle's unlawful termination in violation of M.G.L. c. 71 Section 42, his rehire and constructive termination from employment. Ms. Rogers may be reached through Defendants' Counsel.

3. <u>W. Spencer Mullin</u>- Mr. Mullin has knowledge about Mr. McArdle's absences in September, 2009, his request for leave pursuant to the Family and Medical Leave Act, the coverage of Mr. McArdle's classes during his absence and the reasons for Mr. McArdle's unlawful termination in violation of M.G.L. c. 71 Section 42, his rehire and constructive termination from employment. Dr. Mullin may be reached through Defendants' Counsel.

4. <u>Stacy Scott</u>. Mr. Scott has knowledge and acknowledges that Mr. McArdle requested a leave of absence pursuant to the Family and Medical Leave Act, has knowledge about Mr. McArdle's unlawful termination in violation of M.G.L. c. 71 Section 42, Mr. McArdle's rehire, Mr. McArdle's constructive termination. Mr. Scott also erroneously asserts that Mr. McArdle did not meet the requisite 1250 hours worked for FMLA Leave and fails to consider the Department of Labor's Clear mandate that teachers are exempt from said requirement.

5. <u>Russell Mann</u> Mr. Mann has knowledge relative to the first draft of Mr. McArdle's September 29, 2009 memorandum to Theresa Rogers and the Superintendent's office as he read said draft and had delivered said draft. Mr. Mann also has knowledge of the more substantive draft of the September, 2009 memorandum which not only responded to the violation of M.G.L . c. 71 Section 42 violations but also indicated that Mr. McArdle had requested FMLA leave and responded to the allegations that Mr. McArdle abandoned his position.

The Plaintiff also incorporates by reference herein any individuals named in the Defendant's disclosures. The Plaintiff reserves the right to supplement this submission as required by Fed. R. Civ. P. 26(e).

II. DOCUMENTS PLAINTIFF MAY USE TO SUPPORT HIS CLAIMS

Plaintiff states that he may use the following documents to support his claims in this action:

1. Plaintiff's Personnel File;
2. April 9, 2009 letter from W. Spencer Mullin to Raymond McArdle
3. April 15, 2009 Memo from Raymond McArdle to W. Spencer Mullin;
4. April 16, 2009 Memo from Raymond McArdle to W. Spencer Mullin;
5. May 5, 2009 letter from W. Spencer Mullin to Mr. McArdle
6. May 26, 2009 Memo from Raymond McArdle to Theresa Rogers;
7. May 26, 2009 Dr.'s note from Mark B. Romanowsky, M.D. P.C.
8. June 1, 2009 Memo from Raymond McArdle to W. Spencer Mullin;
9. September 29, 2009 Initial Memorandum from Raymond McArdle to Theresa Rogers, (version 1 and version 2)
10. September 29, 2009 Final Memorandum from Raymond McArdle to Theresa Rogers (version 3 and version 4)
11. Mr. McArdle's October 14, 2009 phone records;
12. October 20, 2009 memo from Raymond McArdle to Zipsova.
13. February 4, 2011 letter from Attorney Gregson to Stacy Scott
14. February 16, 2011 letter from Stacy Scott to Attorney Gregson
15. Affidavit of Russell Mann
16. Addendum to Original Affidavit of Russell Mann
17. October 5, 2009 certified mail return receipts.
18. February 25, 2011 Memo from Raymond McArdle to Stacy Scott
19. September 27, 2011 Letter from Stacy Scott to Jeffrey Mazer regarding Raymond McArdle's personnel file.
20. February 22, 2012 Letter from Anne C. Berlin to Raymond McArdle
21. Unemployment Appeal Hearing Date Notice

The Plaintiff also incorporates by reference herein any documents identified by the Defendant in its disclosures. The Plaintiff reserves the right to supplement this submission as required by Fed. R. Civ. P. 26(a)(1).

III. DAMAGES

Plaintiff states that he is entitled to lost wages, lost pension and emotional distress damages. Mr. McArdle's back pay damages to date total approximately $95,000.00

Mr. McArdle's front pay damages total approximately $871,000.00.

Mr. McArdle's emotional distress damages to date total approximately $150,000.00

Ms. McArdle's lost pension benefits (the amount he has been required to withdraw) totals approximately $55,000.00.

IV. INSURANCE AGREEMENTS

The Plaintiff is aware of an insurance agreement with the Town of Dracut/Dracut Public Schools and Trident covering the claims asserted.

V. RESERVATION OF RIGHTS

The foregoing initial disclosures are based on the information reasonably available to Plaintiff at this time. Plaintiff expressly reserves the right to modify, amend, or supplement these disclosures as additional information and documents become known and available to Plaintiff. Plaintiff also reserves the right to use at trial witnesses and/or documents not identified herein but subsequently identified during discovery.

                Respectfully submitted,

                Raymond C. McArdle,

                By his Attorney,

/s/ Jeffrey R. Mazer
Jeffrey R. Mazer (BBO# 647110)
Mazer Law Group, LLC
220 Broadway, Suite 205
Lynnfield, MA 01940
Telephone: (781) 596-8604
Fax: (781) 599-8980
info@mazerlaw.com

Dated: April 19, 2012

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Plaintiff's Automatic Disclosures was filed through the ECF system on April 19, 2012 and will be sent electronically to the registered participants below as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Thomas A. Mullen, Esq.
THOMAS A. MULLEN P.C.
545 Salem Street
Wakefield, MA 01880
Tmlln9@aol.com

                /s/ Jeffrey R. Mazer
                Jeffrey R. Mazer